IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RODNEY STACEY BULLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv559-WKW |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed on November 13, 2003 and the respondents' motion to dismiss on jurisdictional grounds. The petitioner, Rodney Stacey Bullock, challenges an arson in the second degree conviction entered against him in the Circuit Court of Montgomery County, Alabama, on November 1, 1996. On January 6, 1997, the trial court ordered that the petitioner serve a sentence of five years of imprisonment, split with Bullock to serve one year imprisonment and five years probation. Bullock was also fined $5000.00. After unsuccessful appeals, Bullock began his sentence on April 28, 2000.

On November 1, 2000, Bullock filed a motion for review of sentence. Pursuant to his motion, the trial court held a hearing on November 21, 2000. At that time, his term of imprisonment was suspended and he was released on two years' probation. The record is clear that Bullock was not paroled at that time. Rather, he was specifically placed on probation by the court for two years. By its terms, Bullock's probation expired on November

21, 2002.[1]  On January 23, 2004, Bullock completed payment of his fine.

The respondents argue that the petitioner reached the end of his sentence and probation on November 21, 2002 – two years from the date on which the court modified his split sentence.  Consequently, the respondents seek dismissal on the basis that Bullock was not "in custody" within the meaning of the habeas statutes at the time he filed this § 2254 petition.  The petitioner, on the other hand, asserts that he remained "in custody" until either November 25, 2005, five years from the date of his release in accordance with the original five year sentence of probation entered by the court, or January 25, 2004, the date on which he completed payment of his fine.  According to Bullock, because he received no notice of the expiration of his probation and he was still paying his fine, he was "in custody" at the time he filed this habeas petition.

"The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are '**in custody** in violation of the Constitution or laws or treaties of the United States.'  28 U.S.C. § 2241(c)(3) (emphasis added).  *See also* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  For this court to have jurisdiction over Bullock's petition, Bullock must have "be in custody under the conviction he is attacking at the time the habeas petition is filed."  *Maleng*, 490 U.S. at 490-91.  The in-custody requirement does not require a petitioner to be incarcerated.

---

[1] On April 25, 2006, the court ordered the petitioner to show cause why the court should not find that his probation ended in November 2002.  *See* Doc. # 44.  The petitioner has filed nothing in response to the court's order.

> The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." *Barry v. Bergen County Probation Dept.,* 128 F.3d 152, 160 (3rd Cir. 1997) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and *Tinder v. Paula,* 725 F.2d 801, 803 (1st Cir. 1984)).
>
> Several courts have held that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. *See, e.g., Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.997); *Tinder,* 725 F.2d at 804 (1st Cir. 1984) (citing cases). . . .

*Obado v. New Jersey*, 328 F.3d 716, 717-718 (3rd Cir. 2003)

In this case, the court concludes that, by the terms set by the court on November 21, 2000, Bullock's sentence and probation expired on November 21, 2002. Consequently, at the time he filed this § 2254 petition in November 2004, Bullock had completed his term of imprisonment, his probation had expired, and he was "no longer subject to the terms of his probation, nor [was] his conduct subject to the supervision of the probation authorities." *Id.* at 718.

The petitioner relies on a footnote comment in *Evitts v. Lucey*, 469 U.S. 387, 391 n. 4 (1985) in which the court noted that the case before it was not rendered moot by the release of the petitioner because collateral consequences of the conviction could affect him in the future. *Evitts* is inapposite because it does not address the jurisdictional question of whether the petitioner was "in custody" at the time the petition was filed. *Maleng* makes it crystal clear that "[o]nce the sentence imposed for a conviction has completely expired, the

3

collateral consequences of that conviction are not themselves sufficient to render the individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. The mere fact that Bullock was still paying restitution is insufficient to render him "in custody" for jurisdictional purposes. *See Duvallon v. Florida.*, 691 F.2d 483,485 (5th Cir. 1982) (requiring petitioner to pay a fine did not equate to being "in custody" for purposes of § 2254).

Therefore, the court concludes that the sentence imposed upon the petitioner for this conviction expired prior to the filing of this federal habeas petition, and Bullock is prevented from challenging his 1996 conviction in this federal habeas proceeding. Based on the foregoing, the court concludes that the petition for writ of habeas corpus is due to be dismissed for lack of subject-matter jurisdiction as the petitioner is not "in custody" on the challenged conviction. *Maleng v. Cook,* 490 U.S. at 490.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the respondents' motion to dismiss (doc. # 24) be granted and that the petition for habeas corpus relief be dismissed for want of jurisdiction. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 8, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE